

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                              )   Case No. 02-29008-C-7
                                    )
ANTHONY POLLARD FRITZ,              )   Adversary No. 06-2191
                                    )
                                    )
                    Debtor(s).      )
_____ )
                                    )
ANTHONY P. FRITZ,                   )
                                    )
        Plaintiff(s),               )
                                    )
v.                                  )
                                    )
STEVEN H. FRIEDMAN, an              )
Individual; FREDERICK G. CRAW,      )
an Individual; and CHRISTINA        )
WIELLETTE, an Individual,           )
                                    )
                                    )
        Defendant(s).               )
_____ )



FILED

DEC - 7 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

SUPPLEMENTARY FINDINGS OF FACT AND CONCLUSIONS OF LAW

     This document is not intended for publication.  These
supplementary findings of fact and conclusions of law are
rendered pursuant to Federal Rule of Civil Procedure 52 and
supplement the extensive findings made orally on the record at
the conclusion of trial on December 6, 2006.

     This court determined that the prosecution of claims for
legal malpractice against Anthony Fritz in Case No. CGC 05-441718
in the Superior Court of the State of California, in and for the
County of San Francisco, which involved events that occurred
before Mr. Fritz filed his bankruptcy case in which he received a



1  discharge, violated the discharge injunction.

2      As explained in more detail on the record, the bankruptcy

3  case was a so-called no-bar-date case in which unscheduled debts

4  do not qualify for the exception to discharge provided by 11

5  U.S.C. § 523(a)(3)(A).

6      This information and the legal analysis, with appropriate

7  citations of legal authority, was provided by Mr. Fritz to

8  Frederick Craw, who is the lawyer primarily responsible for

9  maintaining the prosecution of the state court action.  Moreover,

10  the statutory and relevant decisional authorities were also

11  provided to Mr. Craw by Mr. Fritz.

12      The violation of the discharge injunction is unambiguous.

13  This court is amazed that a member of the California bar, after

14  being presented with the relevant statutory and decisional law,

15  would nevertheless insist upon continuing the prosecution of the

16  offending civil action.

17      This is not a situation where there might be a reason for

18  establishing the liability of the discharged debt for purposes

19  other than collection against the debtor on the basis of personal

20  liability.  See 11 U.S.C. § 524(e) ("discharge of a debt of the

21  debtor does not affect the liability of any other entity on, or

22  the property of any other entity for, such debt").

23      At trial Mr. Craw confirmed that his goal is to make Mr.

24  Fritz pay money to his client notwithstanding the bankruptcy

25  discharge.  Nor is this a case in which the basis for liability

26  is alleged to have been in circumstances that would qualify for

27  the exception to discharge provided by 11 U.S.C. §§

28  523(a)(2),(4), and (6), which are pertinent with respect to

- 2 -

unscheduled creditors by virtue of 11 U.S.C. § 523(a)(3)(B).   In
short, the violation of the discharge injunction is beyond cavil.
Everything that the San Francisco Superior Court has done and
might hereafter do in the civil action pending before it with
respect to the discharged debt is and would be, as a matter of
law, void ab initio as provided by 11 U.S.C. § 524(a).

Having found that there is a straightforward violation of
the discharge injunction and being asked to make an award on the
basis of compensatory contempt (as distinct from criminal
contempt), the question of the amount of the award is presented.

First, it is appropriate to determine relevant culpability.
It appears that Christina Wiellette, a junior attorney who was
associated with Mr. Craw at the outset and who no longer actively
practices in California, bears little culpability relative to Mr.
Craw.   There is no evidence that she persisted in pursuing Mr.
Fritz after the discharge was called to her attention.
Similarly, based on this court's evaluation of Mr. Friedman (Mr.
Craw's client and Mr. Fritz's former client), the court is
persuaded that he, in effect, was relying on the advice of Mr.
Craw.   To be sure, a client who relies upon inexcusable incorrect
legal advice does not have automatic immunity from the
consequences of such actions.   In this instance, the court is
persuaded that the focus of corrective action should fall upon
Mr. Craw.

Second, the amount of the award must be determined.   The
roadmap for analysis has been provided by the Ninth Circuit in
Lindblade v. Knupfer (In re Dyer), 322 F.3d 1178, 1189-98 (9th
Cir. 2003).

- 3 -

1    The statutory discharge injunction imposed by § 524 may be

2  enforced under 11 U.S.C. § 105(a) as an ordinary civil contempt

3  as to which the bankruptcy court has authority to resolve the

4  matter.  See Walls v. Wells Fargo Bank, N.A., 276 F.3d 502-07

5  (9th Cir. 2002).  The standard for civil contempt is that there

6  have been a showing by clear and convincing evidence that a

7  specific order was violated, which order may include a statutory

8  injunction.  The focus is not on subjective belief or intent but

9  whether the conduct complied with the order.  In other words,

10 regardless of whether Mr. Craw believed that he was entitled to

11 do what he did, it is dispositive that there is clear and

12 convincing evidence that his conduct did not comply with the

13 discharge injunction.

14    Since the bankruptcy court's power is limited to civil

15 contempt, this court may only enforce civil penalties that are

16 designed to coerce compliance.  Dyer, 322 F.3d at 1192.

17    This is not an action in which it would be appropriate for

18 the court to rely on its inherent authority to sanction "bad

19 faith" or "willful misconduct" under its inherent authority.

20 Chambers v. NASCO, Inc., 501 U.S. 32, 42-47 (1991); Caldwell v.

21 Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 2d

22 278, 284 (1996).

23    Mr. Fritz has provided evidence that his expenses in

24 responding to the state court action are $1,203.69.  In addition,

25 Mr. Fritz was required to prepare the papers appropriate for

26 prosecuting this contempt matter, which papers were competently

27 prepared and contained careful legal research that correctly

28 identified the law and controlling legal standards.  This court

- 4 -

1  is persuaded that if Mr. Fritz had been represented by counsel, a

2  reasonable attorney's fee for such work would have been $5,000 at

3  a minimum.

4      Although Mr. Fritz may not be entitled to attorney's fees

5  for representing himself, the legal effort that was necessary to

6  be expended and that consumed time that could have been spent

7  more profitably warrants a compensatory award in the amount of

8  $2,500.  Thus, the compensatory component of the award against

9  Mr. Craw will be $3,703.69.

10     In addition, the court's civil contempt authority includes

11 the power to coerce future compliance with the discharge

12 injunction.  In this instance, future compliance with the

13 discharge injunction requires prompt dismissal of the San

14 Francisco County Superior Court action with prejudice.

15 Accordingly, Frederick G. Craw shall pay to Anthony P. Fritz the

16 sum of $1,000 as of the 12th of each month beginning January 12,

17 2007, that Case No. CGC 05-41718, pending in the Superior Court

18 of the State of California, County of San Francisco, is not in a

19 status of having been dismissed with prejudice.

20     Finally, for purposes of clarification, and in response to

21 Mr. Craw's lament that professional malpractice by California

22 lawyers should not be allowed to go unaddressed following a

23 bankruptcy discharge, there is no legal impediment to Mr.

24 Friedman making a complaint to the State Bar of California with

25 respect to a matter of potential attorney discipline.  Cf. State

26 Bar of California v. Taggart, 249 F.3d 987 (9th Cir. 2001) (fine

27 penalty, or forfeiture payable to State Bar other than for actual

28

- 5 -

1 | pecuniary loss is excepted from discharge).

2 |      An appropriate judgment will issue.

3 |      Dated:   December 7, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE

1

2

3

**CERTIFICATE OF SERVICE**

4

5

6

7

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

8

9

Anthony Pollard Fritz
3482 Patterson Way
El Dorado Hills, CA 957

10

11

12

Frederick George Craw
1232 Market Street
Suite 102
San Francisco, CA 94102-4803

13

14

15

16

Dated:

12/12/06                    _Cathu G. F0880_
                             DEPUTY CLERK

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -